THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JULIO E. SÁNCHEZ-PONT, LILLIAM
RIVERA, CONJUGAL PARTNERSHIP
SÁNCHEZ-RIVERA,

    **Plaintiffs,**

    **v.**

EAST TOWING & SALVAGE, INC.
D/B/A SEA TOW PUERTO RICO,

    **Defendant.**

Civ. No. 20-1554 (ADC)

## OPINION AND ORDER

Defendant East Towing & Salvage, Inc., doing business as Sea Tow Puerto Rico ("Sea Tow") moves the Court to dismiss and compel arbitration. **ECF No. 14**. Plaintiffs Julio E. Sánchez-Pont, Lilliam Rivera, and the conjugal partnership between them ("Plaintiffs") oppose the motion. **ECF No. 16**. Also pending is Sea Tow's motion for leave to file a reply brief. **ECF No. 17**, its motion requesting a hearing on its motion to dismiss, **ECF No. 19**, and a previous motion to dismiss filed before the Plaintiffs amended their complaint, **ECF No. 9**.

**ECF No. 17** is **GRANTED**. **ECF Nos. 9** and **19** are **MOOT**. Sea Tow's motion to dismiss the amended complaint and compel arbitration is **GRANTED, ECF No. 14**.

## I.    BACKGROUND

On May 26, 2019, Plaintiffs' vessel, the YAYI, struck the sea bottom with her propellers and "softly" ran aground somewhere between the Island of Icacos and her hailing port in

Fajardo, Puerto Rico. Plaintiffs contacted Sea Tow for assistance. **ECF No. 13** at 2-4. The YAYI's insurance policy included certain "vessel assistance privileges" to be provided by Sea Tow, such as "assistance towing" and "ungrounding assistance." *Id*. at 3.  When Sea Tow's towboat arrived, its captain required Plaintiffs sign a blank invoice (the "contract") prior to assessing the problem or rendering assistance. *Id*. at 4. The contract's terms included pricing conditions and an arbitration clause. **ECF No. 13-1**. Believing they would be marooned without Sea Tow's assistance, Plaintiffs signed. **ECF No. 13** at 3, 7.

At some point after Plaintiffs returned to solid ground, they learned Sea Tow had charged their credit card $16,128 for "salvage" services. *Id*. at 5. Plaintiffs called their credit card provider to cancel the transaction, prompting Sea Tow to commence arbitration proceedings and file a lien on the YAYI. *Id*. at 6-7. Sea Tow indicated the condition of the YAYI required it provide salvage services, not towing assistance.[1] *Id*. at 5-6. Plaintiffs dispute that contention. *Id*.

Plaintiffs subsequently filed the present action for a declaratory judgment, requesting the Court hold the contract invalid and declare the rights and liabilities of the parties. *Id*. at 7. The arbitrator stayed the arbitration pending resolution of the matter before the Court. **ECF No. 10**. Sea Tow seeks dismissal for failure to state a claim upon which relief can be granted and requests the Court compel arbitration. **ECF No. 14**. The core of Sea Tow's argument is that the Federal

---

[1] The difference between a salvage contract and a towing contract is notable. Under maritime law, "towage is compensated at a contract rate, whereas a salvor is entitled to an equitable award equal to a portion of the value of the salvaged property. Salvage service generally commands a larger award, and a salvage contract creates a preferred maritime lien." *Farnsworth v. Towboat Nantucket Sound, Inc.*, 790 F.3d 90, 93 (1st Cir. 2015) (citations and internal quotation marks omitted).

Arbitration Act and controlling precedent require the Court compel arbitration because Plaintiffs' challenges to the contract do not undermine the validity of the arbitration clause.

## II.     LEGAL STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), a court considers the well-pleaded facts alleged in the complaint as true and affords the plaintiff the benefit of all reasonable inferences. *Jalbert v. U.S. Sec. & Exch. Comm'n*, 945 F.3d 587, 590-91 (1st Cir. 2019). "Under the Federal Rules of Civil Procedure, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Cardigan Mountain Sch. v. New Hampshire Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)). "To meet that standard, a plaintiff need not demonstrate that [it] is likely to prevail, on its claim, … [r]ather, the complaint need include only enough factual detail to make the asserted claim 'plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (first alteration in original) (additional citations and internal quotation marks omitted).

The Federal Arbitration Act ("FAA") "reflects the fundamental principle that arbitration is a matter of contract." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010). "The FAA thereby places arbitration agreements on an equal footing with other contracts and requires courts to enforce them according to their terms." *Id.* at 67-68 (citations and internal quotation marks omitted). A court must compel arbitration once it is satisfied that an agreement for arbitration has been made. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 400 (1967) (citing sections 3 and 4 of the FAA).

III.    **ANALYSIS**

Plaintiffs challenge the contract as void under Puerto Rico law because their consent was obtained through duress and consideration was lacking. Accordingly, they contend, the void contract's component parts, including the arbitration clause, are also void and unenforceable. Sea Tow asserts these arguments must be submitted to the arbitrator. The Court agrees with Sea Tow.

"The Supreme Court has differentiated between two types of challenges to the validity of arbitration agreements: (1) challenges to the validity of an entire contract which contains an arbitration clause, and (2) challenges to the validity of the specific agreement to resolve the dispute through arbitration." *Farnsworth v. Towboat Nantucket Sound, Inc.*, 790 F.3d 90, 96 (1st Cir. 2015) (collecting cases). Challenges to the latter are for the arbitrator to resolve while challenges to the former are for the Court to resolve.[2] *Id.* at 96.

Plaintiffs' challenges fall in the latter category reserved for the arbitrator. Notably, Plaintiffs have not challenged the validity of the arbitration clause apart from their challenge to the validity of the contract, a theory repeatedly addressed by the Supreme Court as reserved for the arbitrator's consideration. *See, e.g., Rent-A-Ctr.*, 561 U.S. at 71 ("[W]here the alleged fraud that induced the whole contract equally induced the agreement to arbitrate which was part of that contract[,] we nonetheless require the basis of challenge to be directed specifically to the

---

[2] "Another way to frame this analysis is to say, as the Supreme Court has, that 'an arbitration provision is severable from the remainder of the contract.'" *Farnsworth*, 790 F.3d at 97 (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006)). As a result of this severability, "unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye*, 546 U.S. at 445-46.

agreement to arbitrate before the court will intervene." (discussing *Prima Paint*, 388 U.S. at 403-04)). Thus, "if a party fails to challenge the validity of the arbitration clause itself, the agreement to arbitrate is enforceable and any dispute about the validity of the contract as a whole goes to the arbitrator." *Farnsworth*, 790 F.3d at 97.

Plaintiffs try to resuscitate their case by arguing in their opposition to the motion to dismiss that the defects in consent and consideration did not simply result in the formation of a void or voidable contract but precluded the formation of the contract in the first place. **ECF No. 16** at 12-13, 15-18. *See Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 444 n.1 (2006) ("The issue of the contract's validity is different from the issue whether any agreement … was ever concluded."). In other words, Plaintiffs assert the elements of consent and consideration are entirely lacking, rendering the document at issue nothing more than a piece of paper.

Plaintiffs, however, have not adequately pleaded a claim that no contract ever formed. Rather, as assessed above, they identify defects in consent and consideration that may undermine the contract's enforceability, not its existence. Indeed, Plaintiffs admit co-plaintiff Lilliam Rivera signed the contract, just below the paragraph containing the arbitration provision, and that she did so to receive Sea Tow's assistance with YAYI's grounding, a service Plaintiffs proactively sought. Plaintiffs do not, for example, contest that Ms. Rivera lacked the capacity and authority to sign the document or bind each co-plaintiff. *See Buckeye,* 546 U.S. at 444 n.1; *Farnsworth,* 790 F.3d at 97 n.7; *Sphere Drake Ins. Ltd. v. All American Ins. Co.*, 256 F.3d 587, 590-91 (7th Cir. 2001) (noting that "[f]raud in the inducement does not negate the fact that the

parties actually reached an agreement," unlike cases involving claims of, e.g., forgery or lack of agency).

Likewise, Plaintiffs allege they did not know the final price they would be charged until Sea Tow completed its services, long after they signed the document. They contend this equates to lack of consideration. Puerto Rico law, however, "presumes the existence of consideration," *Caribbean Seaside Heights Properties, Inc. v. Erikon LLC*, 867 F.3d 42, 45 (1st Cir. 2017) (citing P.R. Laws Ann. Tit. 31, § 3434), and Plaintiffs do not dispute that the benefit of the bargain they sought, and indeed received, was Sea Tow's services for a fee. They also do not dispute that the contract contained information explaining how that fee would be calculated. What Plaintiffs do contest is the type of service Sea Tow charged them for, salvage versus towage. This is a challenge as to the consideration tendered not the lack of consideration. *See id.* at n.3 ("While a party's failure to tender an agreed-upon consideration may give rise to a claim for breach of contract, it does not void the underlying agreement that the consideration supported." (emphasis omitted)).

Accordingly, Sea Tow's motion to dismiss and compel arbitration is **GRANTED**. **ECF No. 14**. The motions at **ECF Nos. 9**, **19** are **MOOT**. The motion at **ECF No. 17** is **GRANTED**. Clerk of Court is to enter judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 13th day of September, 2021.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**